SPOERI v. MASSACHUSETTS MUT. LIFE INS. CO.

(*Circuit Court, E. D. Missouri, E. D.* September 27, 1889.)

LIFE INSURANCE—CONDITIONS OF POLICY—WAIVER—ESTOPPEL.
   Where a policy of life insurance provides for a forfeiture unless the premiums thereon are paid at maturity, but the insurance company has accepted payment of more than half of such premiums after maturity, without warning of any possible forfeiture in future, if the last premium be paid within the same time after maturity as the majority of the previous ones, the company is estopped from asserting a forfeiture though the insured died before such payment.

At Law. Action to recover on policy of insurance.

The facts agreed upon in this case are as follows: Defendant issued a policy of life insurance on the life of plaintiff's husband, dated April 1, 1884. The premiums were payable semi-annually, on April and October 1st, in each year. The policy contained a clause of forfeiture if the premiums were not paid on the day they fell due, and in case of forfeiture the company stipulated for a release from all liability except such as was imposed on it by the laws of Massachusetts. By the laws of that state, if the assured ceased paying premiums at any time after the payment of two full annual premiums, the policy became a paid-up policy for its net value at the time payments ceased. The assured died on April 8, 1888. Of the seven semi-annual premiums that fell due after April 1, 1884, and prior to April 1, 1888, four were paid by the assured and accepted by the company from 7 to 30 days after they fell due. Three payments only were made at maturity. The final premium due April 1, 1888, was tendered to the company on April 9, 1888, and was accepted by it in ignorance of the death of the assured on the day previous. On discovering that the assured was dead, the company offered to return that premium, but the plaintiff would not accept it. Plaintiff claims that defendant is liable for the face of the policy, $5,000, and in-

terest. Defendant insists that the policy was forfeited by the non-payment at maturity of the premium that fell due April 1, 1888, and that it is only liable for the net value of the policy on March 31, 1888, computed according to the Massachusetts statute, which amount ($1,789) it now tenders and has heretofore tendered.

*Rassieur & Schnurmacher,* for plaintiff.

*Taylor & Pollard,* for defendant.

Before BREWER and THAYER, JJ.

THAYER, J., (*after stating the facts as above.*) The supreme court of the United States has several times said, in substance, that any course of action on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture will not be incurred, followed by due conformity on his part, will estop the company from insisting on a forfeiture. *Insurance Co.* v. *Eggleston,* 96 U. S. 577; *Thompson* v. *Insurance Co.,* 104 U. S. 259; *Insurance Co.* v. *Doster,* 106 U. S. 37, 1 Sup. Ct. Rep. 18; *Insurance Co.* v. *Wolff,* 95 U. S. 333. And the same doctrine is held by other courts. *Hanley* v. *Association,* 69 Mo. 382, and cases cited; *Goedecke* v. *Insurance Co.,* 30 Mo. App. 608. We think that the conduct of the company in the present case was such as fairly warranted the assured in believing and acting on the belief that a literal compliance, with the provisions of the policy concerning the payment of premiums would not be required. More than one-half of all the premiums that fell due while the policy was in existence were paid by the assured and accepted by the company from one to four weeks after they matured, and without a word of warning, so far as the evidence shows, that the company could or might in future insist on a forfeiture. Even the last payment of April 9, 1888, was accepted, as it seems, without inquiry as to the health of the assured, and that we regard as a significant fact tending to show that the company was ready and willing at all times to accept a premium within a reasonable time after it was due. In point of fact the last premium was paid at about the same time after maturity that the majority of all previous premiums had been paid. In other words, the plaintiff conformed to the established practice and course of dealing with reference to the policy, in tendering the premium on April 9, 1888. In our judgment it would be inequitable, and a violation of good faith and fair dealing, to allow the defendant to take advantage of the non-payment of the premium on the day nominated in the policy, after having given the assured so much occasion by its previous course of dealing to suppose that such a forfeiture would not be insisted on. The law does not favor forfeitures under any circumstances, and we find ample grounds in the present case for holding that defendant has waived the forfeiture, or, to be more accurate, is estopped from asserting it. Our attention was specially called on the hearing of this case to the decision in *Crossman* v. *Association,* 143 Mass. 436, 9 N. E. Rep. 753. We have examined that case and find that while the assured paid premiums after maturity, and the receipt of such payments by the company was held not to amount to a waiver of the particular forfeiture

invoked, yet the court distinctly placed its decision on the ground that, when each overdue premium was received, the company required the assured to sign a certificate that he was then in good health as a condition of reinstatement. In other words, the court construed what was done on each occasion as tantamount to a readmission of the assured to membership. The case contains nothing in opposition to the views we have expressed.

Judgment will be entered for the plaintiff for $5,000, with interest at 6 per cent. per annum from August 24, 1888, to this date.

BREWER, J., concurs.